IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIA SCAGLIONE, | ) CASE NO. 1:12CV01431 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) **OPINION AND ORDER** |
| PEPSI-COLA METROPOLITAN | ) |
| BOTTELING CO. INC., et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion to Dismiss, or Alternatively to Transfer Venue (ECF #4). The Motion is fully briefed and is ripe for review. For the reasons stated, the Motion is GRANTED. This case is dismissed without prejudice so that it may be refiled in the proper forum.

Plaintiff, Maria Scaglione, filed this action in May 2012. She originally filed her claims in state court. Defendants subsequently removed the case to this Court.

Ms. Scaglione claims she is entitled to receive benefits under the PepsiCo Hourly Employees Retirement Plan ("PEP Plan"). The PEP Plan includes a provision that requires all suits brought or filed after January 1, 2011 be filed in the United States District Court for the Southern District of New York. Specifically, the forum selection clause in the PEP Plan states:

> The PEP Plan includes the following provision:
> 8.13 Restriction of Venue. Any claim or action filed in
> court or any other tribunal in connection with the Plan by or on
> behalf of a Petitioner (as defined in Section 8.12 above) shall only
> be brought or filed in the United States District Court for the
> Southern District of New York, effective for claims and actions
> filed on or after January 1, 2011, or effective for claims filed
> pursuant to Section 8.10 on or after January 1, 2011 in the cases of
> claims or actions that seek review of a claim filed pursuant to
> Section 8.10.

(E. Sossa Affid. ¶ 4) The term "Petitioner" includes PEP Plan participants and beneficiaries. (E. Sossa Affid. ¶ 4.)

Mandatory forum selection clauses – such as the one contained in the PEP Plan – are *prima facie* valid and should be enforced as a general rule. *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972). Forum selection clauses in ERISA plans promote ERISA's goal of uniformity of administration and reduce costs, both to the benefit of all participants and beneficiaries. *Conte v. Ascension Health*, No. 11-12074, 2011 WL 4506623 (E.D. Mich. Sept. 28, 2011); *Laasko v. Xerox Corp.* 566 F.Supp.2d 1018 (C.D. Cal. 2008); *Klotz v. Xerox Corp.*, 519 F.Supp.2d 430 (S.D.N.Y. 2007).

Even where the forum selection clause establishes a remote forum for resolution of conflicts, the party claiming unfairness has a "heavy burden of proof." *Shute v. Carnival Cruise Lines,* 499 U.S. 585, 594 (1991). Ms. Scaglione does not meet this burden. Indeed, her arguments urging the court to ignore the unambiguous, mandatory forum selection clause are unconvincing and lack merit.

For all of the foregoing reasons, the Court dismisses this action without prejudice so that it may be properly brought in the United States District Court for the Southern District of New York.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: July 30, 2012